**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**MECHELLE SINGLETON,**

Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

Defendant.

CASE NO. 3:26 CV 521

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court is Defendant Experian Information Solutions, Inc.'s Motion to Dismiss Plaintiff Mechelle Singleton's Complaint. (Doc. 6). Plaintiff has not filed any response thereto and the time in which to do so has expired. *See* Loc. Civ. R. 7.1(d). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth below, Defendant's Motion is granted.

## BACKGROUND

Plaintiff's Complaint in the instant action consists of several independent documents: (1) an undated cease and desist letter directed to "Transunion [R]eporting Agency;" (2) an undated "dispute letter" directed to Equifax, Defendant, and Transunion; (3) an "Affidavit of Truth;" and (4) a one-page filing entitled "remedy" requesting, *inter alia*, $250,000 in damages. *See generally* Doc. 1-1. Within these filings, Plaintiff references "slander" as well as the Fair Credit Reporting Act and other federal statutes. *See, e.g.*, *id.* at 5, 9.

## STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Civil Rule 12(b)(6) charges the Court with assessing the legal sufficiency of a plaintiff's complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In so doing, the Court must answer only whether the plaintiff's factual allegations, accepted as true, state a legally viable claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unsupported legal conclusions, however, are not taken as true, and sufficiently stating a claim for relief therefore requires more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Pro se* pleadings are held to a less stringent standard than pleadings written and drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The liberal construction accorded to *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to "conjure up unpleaded facts" or create claims for *pro se* plaintiffs. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation modified); *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Instead, a *pro se* plaintiff's pleadings must offer fair notice to the defendants of what the plaintiff's claims are and the grounds on which they are asserted. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). The complaint still must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 at 678).

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint on grounds that it does not satisfy Federal Civil Rule 8's notice pleading requirements and does not factually state a claim for relief under any of the federal statutes cited therein. For the reasons set forth below, the Court agrees Defendant is entitled to dismissal.

Rule 8

Defendant contends Plaintiff's Complaint "suffers from global pleading defects" in that it "does not contain separate counts, does not identify which claims are asserted against" Experian, and "is heavy on conclusions and grievances and very light on concrete factual allegations." (Doc. 6, at 12). The Court agrees.

Federal Civil Rule 8 requires a plaintiff to submit a short, plain, and concise statement of his or her claims. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the defendants "fair notice of what the plaintiff's legal claims" are and the factual "grounds upon which [they] rest[ ]." *Bassett*, 528 F.3d at 437 (quoting *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)). Plaintiff's Complaint does not distinguish between Defendant's conduct and that of non-Defendants Transunion and Equifax, does not contain a coherent statement of facts, and does not connect any specific facts to the legal claims she asserts. Her Complaint thus fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

The Court finds Rule 8 alone is a sufficient and independent basis on which to grant dismissal. Nevertheless, even assuming *arguendo* Plaintiff's pleading satisfies Rule 8, Defendant has still demonstrated entitlement to dismissal for the reasons stated below.

Federal Claims

*Fair Credit Reporting Act ("FCRA")*

Plaintiff specifically references 15 U.S.C. § 1681b which covers impermissible uses of consumer credit reports. (Doc. 1-1, at 9). As Defendant points out, she also appears to challenge the accuracy of her credit reports and Defendant's handling of her disputes. *See id.* Defendant construes these claims under 15 U.S.C. §§ 1681e(b), 1681i, but contends Plaintiff has not plausibly pled a claim under any FCRA provision. *See* Doc. 6, at 6.

The FCRA "regulates the permissible uses of 'consumer reports,' which summarize credit history and credit worthiness, *see* 15 U.S.C. § 1681b, and creates a private right of action allowing injured consumers to recover for negligent and willful violations" thereof. *Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014) (citing 15 U.S.C. §§ 1681n & 1681o). To state a claim, "[t]he plaintiff must . . . show three elements: (i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose," along with the requisite degree of culpability. *Id.* (citation modified).

Further, "to state a claim under § 1681e(b) a plaintiff must show '(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.'" *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020) (quoting *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004)). If a consumer disputes the accuracy of any item listed in his or her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed

information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). Similar to a § 1681e(b) claim, the consumer must allege the contested information is inaccurate to plausibly establish a § 1681i claim. *See Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024).

As Defendant points out, Plaintiff has not set forth factual assertions to support the elements of her FCRA claims. Although Plaintiff complains of "hard inquiries" from companies that she "do[es] not have knowledge of" (Doc. 1-1, at 7), she provides no specifics about any specific entity to which Defendant furnished a credit report, the date upon which Defendant did so, or the information reported. Nor does she allege any facts suggesting Defendant did so without a permissible purpose. She further fails to explain what inaccurate information was reported, what disputes she raised to Defendant, or set forth facts indicating Defendant failed to follow reasonable procedures or conduct a reasonable investigation.

*Fair Debt Collection Protection Act (FDCPA)*

In one of her letters, Plaintiff cites 15 U.S.C. § 1692c, a provision of the Fair Debt Collection Protection Act. (Doc. 1-1, at 9). This provision governs communications with consumers by "debt collectors." 15 U.S.C. § 1692c. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). The Complaint contains no allegations plausibly suggesting Experian, as a credit reporting agency, falls within this definition. *See, e.g.*, *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480-81 (6th Cir. 2020) ("[T]he Act's general debt-collector definition ties a

defendant's 'debt collector' status not to what the defendant specifically did in a given case, but to what the defendant generally does.").

*Truth in Lending Act ("TILA")*

Plaintiff cites "15 U.S.C. § 1666 B For Negative Remarks" in one of her letters. (Doc. 1-1, at 9). The cited statutory provision is part of the TILA and governs the timing of crediting card payments by creditors and card issuers. *See* 15 U.S.C. § 1666b. As with her FDCPA claim, Plaintiff has not alleged facts suggesting Defendant's actions fall within the gambit of the TILA in that she does not allege Experian was a "creditor" or took any action covered by TILA.

*Gramm-Leach-Bliley Act ("GLBA")*

Plaintiff further cites two provisions of the GLBA, 15 U.S.C. §§ 6801 & 6802. These sections address obligations of financial institutions to protect personal information. But even if Plaintiff pled specific facts to support a violation, the GLBA provides no private right of action. *See, e.g., Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) ("No private right of action exists for an alleged violation of the GLBA."); *In re Lentz*, 405 B.R. 893, 899 (N.D. Ohio 2009) ("[C]ourts have consistently held that there is no private right of action created by Congress in the GLBA."); *In re French*, 401 B.R. 295, 310 (E.D. Tenn. 2009) ("By its very terms, the [GLBA] does not provide a private right of action.").

State Law Claims

In the page of her Complaint describing the requested "remedy," Plaintiff references "restitution for slander of [her] name." (Doc. 1-1, at 12). To the extent Plaintiff alleges a state law slander claim from Defendant's credit reporting under the FCRA, such a claim is preempted by the FCRA. *See* 15 U.S.C. § 1681t(b)(1)(F). The FCRA bars defamation and similar claims against credit reporting agencies such as Defendant except for "false information furnished with

malice or willful intent to injure [the] consumer." 15 U.S.C. § 1681h(e). Plaintiff has pled no facts suggesting malice or willful intent here, nor has she identified a specific false statement and to whom Defendant communicated it. Thus, the Court finds any slander claim is also properly dismissed.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 6) be, and the same hereby is, GRANTED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2026